PEOPLE v ALLEN

CRIMINAL LAW—SENTENCES—RESENTENCING—COMMUTATION OF SEN
TENCE—EXECUTIVE POWER—JUDICIARY—PRISON BEHAVIOR.

The power to commute sentences rests in the executive, not in
the judiciary; a trial court upon resentencing a convicted
defendant may not properly consider the defendant's prison
behavior subsequent to his initial sentencing when imposing
the new sentence.

Appeal from Oakland, Robert L. Templin, J.
Submitted June 21, 1977, at Lansing. (Docket No.
30629.) Decided October 11, 1977.

Harold Allen, Jr., was convicted of rape. Defendant appealed by leave granted. Affirmed, 59 Mich
App 536 (1975). Defendant sought leave to appeal
to the Supreme Court. Leave denied but remanded
for resentencing. Defendant was resentenced. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Barbara R. Levine,* Assistant State Appellate
Defender, for defendant on appeal.

Before: D. F. WALSH, P. J., and QUINN and H. D.
STAIR,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Pardon and Parole § 65.
* Circuit judge, sitting on the Court of Appeals by assignment.

H. D. STAIR, J. On July 27, 1973, defendant-appellant Harold Allen, Jr. was sentenced to 10 to 40 years in prison following his conviction of rape. MCLA 750.520; MSA 28.788. A delayed appeal to this Court resulted in affirmance of the conviction. *People v Allen,* 59 Mich App 536; 229 NW2d 835 (1975). Allen then petitioned for leave to appeal to the Supreme Court. The Court, in lieu of granting leave to appeal, remanded the matter on July 8, 1976, for resentencing. The remanding order gave no directives or reasons other than that Allen be allowed his right of allocution at the resentencing. As a matter of fact, the order specifically stated that the Court was not persuaded to review Allen's other allegations.

On August 6, 1976, the trial court held a hearing on the resentencing. At that hearing, Allen's counsel objected to the trial court's failure to request a new presentence report. Counsel indicated that such a report would indicate Allen's favorable adjustment to prison life and would show how well his rehabilitation was proceeding. Counsel further protested the court's having considered a subsequent charge against Allen in its earlier sentencing.

Allen, in exercising his right of allocution, stated:

"All I can say is that I'm innocent and at the time three years ago I was young, not too mature. I knew better, but I was * * * that's all."

Allen then made no further remarks.

The trial court reimposed its earlier sentence of 10 to 40 years imprisonment, giving 1,210 days credit for time already served. The present appeal then resulted.

The dispositive question in this appeal is

whether a new or updated presentence report should have been prepared for the 1976 hearing.

It is firstly important to note that there is no allegation that the trial court reached any *false* inferences from the failure to use a second report. In point of fact, the crux of Allen's claim is not that the first sentence was erroneous. The real contention is that the second sentencing should have taken into account Allen's progress made since the first sentencing, *i.e.* that upon any resentencing, a trial court must consider prison behavior in imposing the new sentence. Such a contention is fallacious.

It has been the law since 1889, *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), to the present, *People v Williams,* 65 Mich App 531; 237 NW2d 545 (1975), that the power to commute sentences, for any reason whatsoever, rests not in the judiciary but in the executive. No court in this state, including the Supreme Court, may exercise commutation power. *Moore v Parole Board,* 379 Mich 624; 154 NW2d 437 (1967).

The present matter represents an oblique effort to evade this rule. Another version of such an indirect attempt was rebuffed in *Williams, supra.*

The instant case raises no other defect than to assert the failure to have a second presentence report. There is no plea that the first sentence was overly harsh or unrealistic. The only basis for a modified sentence, therefore, would have been Allen's prison conduct. Rewarding this request would be tantamount to a usurpation of the executive prerogative set forth above; that is, lowering an earlier sentence for good behavior while in prison. That is the parole board's function and not this Court's.

Affirmed, no other issues of merit being presented.