PEOPLE v MOORE

Docket No. 78-4651. Submitted April 17, 1979, at Detroit.—Decided July 10, 1979.

Clarence Moore was convicted in 1967 of armed robbery and assault with intent to commit murder and was sentenced to two concurrent terms of life imprisonment. Moore appealed his convictions to the Court of Appeals, which affirmed. 13 Mich App 320 (1968). Moore later filed a petition in the Court of Appeals seeking to have his sentences set aside, which was denied by the Court's order of February 9, 1977. Moore filed a complaint for superintending control in the Michigan Supreme Court, which treated the complaint for superintending control as an application for leave to appeal; and, in lieu of leave to appeal, that Court remanded for resentencing because the record disclosed that counsel was not present at sentencing and presence of counsel had not been waived. 402 Mich 805 (1977). On remand, the Detroit Recorders Court, Joseph A. Gillis, J., heard arguments of counsel and a statement by defendant as to the nature of defendant's activities while in prison; however, no updated presentence report was prepared. Defendant was again sentenced to concurrent terms of life imprisonment. Defendant appeals. *Held:*

Remand for resentencing is mandated by the failure of the sentencing court to secure an updated presentence report, including information as to the defendant's conduct while in prison, prior to resentencing.

DANHOF, C.J., dissented. He would hold that resentencing is not mandated by the failure of the trial court to secure an updated presentence report, since the record clearly indicates that the sentencing court was adequately apprised of defendant's background. Upon resentencing following a determination that the prior sentence was invalid the sentencing court may consider the defendant's behavior in prison in determining

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 527, 529, 569 *et seq.*
Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief. 20 ALR2d 1240.
[3] 5 Am Jur 2d, Appeal and Error §§ 938, 973.

the new sentence. The Court of Appeals is not free to substitute its judgment for that of the sentencing court as to the weight to be given to those factors or as to the propriety of the particular sentence. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCES — RESENTENCING — UPDATED PRE-SENTENCE REPORT — PRISON BEHAVIOR.

Remand for resentencing is mandated by the failure of the sentencing court to secure an undated presentence report, including information as to defendant's conduct while in prison, prior to resentencing in accordance with an order of the Supreme Court remanding for resentencing because of the lack of counsel at the original sentencing.

### DISSENT BY DANHOF, C.J.

2. CRIMINAL LAW — SENTENCES — RESENTENCING — UPDATED PRE-SENTENCE REPORT.

*Resentencing is not mandated because of the failure of the sentencing court to secure an updated presentence report prior to resentencing in accordance with an order of the Supreme Court remanding for resentencing because of lack of counsel at the original sentencing where the record indicates that the sentencing court on remand was adequately apprised by defense counsel and the defendant of the defendant's background.*

3. APPEAL AND ERROR — CRIMINAL LAW — SENTENCES.

*The Court of Appeals is not free to substitute its judgment for that of the sentencing court as to the weight accorded to any factor in defendant's background or as to what is a proper sentence for a particular defendant.*

4. CRIMINAL LAW — SENTENCES — RESENTENCING — COMMUTATION OF SENTENCES — EXECUTIVE POWER — PRISON BEHAVIOR.

A sentencing court, in resentencing on remand by the Supreme Court for lack of assistance of counsel at the original sentencing, may consider defendant's behavior while in prison under the original invalid sentence and may modify that previous sentence without usurping the executive branch's exclusive prerogative to commute or modify sentences, since the vacation of the original sentence rendered it void and the sentence on resentencing is not an impermissible modification of a prior valid sentence.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

N. J. KAUFMAN, J. We accept the facts as presented by Chief Judge DANHOF in his dissent and generally agree with his presentation of the law. Additionally, for the reasons stated in the dissent, we specifically note our disagreement with *People v Allen,* 79 Mich App 100; 261 NW2d 225 (1977). However, under the instant facts, we feel compelled to remand the case for resentencing and direct the trial judge to secure an updated presentence report prior to resentencing. See my dissent in *People v Triplett,* 91 Mich App 82; 283 NW2d 658 (1979).

When the Supreme Court remanded this case for resentencing because defendant was not assisted by counsel at the original sentencing, they meant just that. At the resentencing, defendant was entitled to an updated presentence report and an opportunity for allocution. Those steps were necessary to insure that the trial judge was fully and accurately acquainted with defendant's background. See MCL 771.14; MSA 28.1144, *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974), *People v Lee,* 391 Mich 618, 634-635; 218 NW2d 655 (1974), *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

Defense counsel and defendant presented some evidence of defendant's prison conduct to the resentencing court, but it is not at all clear that the

court considered this information in resentencing defendant to the same prison terms he had received more than 10 years before. In light of the court's statement that defendant was being sentenced *nunc pro tunc,* it is possible that the judge ignored defendant's prison conduct altogether. An updated presentence report would have assured due consideration of defendant's prison conduct.

Remanded for resentencing.

D. C. RILEY, J., concurred.

DANHOF, C.J., *(dissenting).* The sole question on appeal is whether, upon remand for resentencing, the trial judge erred in failing to consider, as a mitigating circumstance, defendant's prison behavior between the time when defendant's sentence was originally imposed and the date of the resentencing hearing. While I conclude that the judge had a duty to consider this aspect of defendant's background in resentencing him, I believe that the judge did so adequately and, therefore, register my dissent from the majority decision to remand for resentencing.

On June 29, 1967, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and of assault with intent to commit murder, MCL 750.83; MSA 28.278, following a bench trial. On July 13, 1967, Detroit Recorder's Court Judge Joseph A. Gillis sentenced defendant, who was not assisted by counsel, to two concurrent terms of life imprisonment. This Court affirmed defendant's conviction on September 24, 1968, and also denied his later petition to set aside his sentence in an order issued February 9, 1977. The Michigan Supreme Court thereafter reviewed defendant's *in pro per* complaint for superintending control, treating it as an application for leave to appeal

this Court's order of February 9, 1977. On November 23, 1977, the Supreme Court (402 Mich 805 [1977]) remanded for resentencing on the grounds that defendant had not been assisted by counsel at his prior sentencing hearing nor had he waived his right to counsel. *People v Dye,* 6 Mich App 217; 148 NW2d 501 (1967).

On January 13, 1978, defendant, assisted by counsel, appeared for resentencing before Judge Gillis. The judge inquired of defense counsel whether he had read the presentence report, to which counsel responded affirmatively and asserted that he believed the report to be factually correct. Counsel then added that defendant had already been incarcerated in Jackson State Prison for more than ten years as a result of his earlier, now invalidated sentence, and that counsel wished to briefly review, for the judge's benefit, some of the reports counsel had received from prison supervisory personnel regarding defendant's progress toward rehabilitation. According to the reports, defendant had positively adjusted to the institutional setting, had acquired several vocational skills, had gotten married in 1977, had displayed a good attitude toward his work, and had generally made marked progress toward social rehabilitation. Counsel asked the judge to consider this evidence in imposing a lower sentence on defendant. Defendant also added that he had matured over the ten years of his imprisonment and that he felt he could now become a good citizen. The judge responded as follows:

"THE COURT: I'm quite sure an attorney was present before. The Corrections Commission has authority to release him this afternoon if they wish, and they know they have. They have lived with Mr. Moore for the past ten years, and apparently they have not exer-

cised the discretion which the legislature and the Court gave them.

"The sentence of the Court on Count I will be life, on Count II. life, and this will be nunc pro tunc as of July 13, 1967, the original sentence date. He will be given credit for 94 days served."

Defendant on appeal argues that the court committed reversible error by ignoring defendant's progress toward rehabilitation as a circumstance mitigating the need for reimposition of defendant's original sentence and that, rather than leaving full responsibility for determining defendant's date of prison release to the Department of Corrections, the judge had a duty to consider defendant's individual circumstances as of the date of resentencing.

I recognize and indorse the modern penal concept that sentences should be individualized to fit the particular circumstances of the case and of the offender, thereby striking a balance between society's need for protection, along with deterrence of criminal behavior, and its interest in rehabilitating the individual defendant. *People v McFarlin,* 389 Mich 557, 574-575; 208 NW2d 504 (1973). In order to properly carry out their sentencing function, trial judges must be fully and accurately acquainted with the backgrounds of the offenders. MCL 771.14; MSA 28.1144, *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974), *People v Lee,* 391 Mich 618, 634-635; 218 NW2d 655 (1974).

In resentencing defendant, the judge in the instant case apparently relied on the presentence report prepared prior to defendant's original sentencing hearing ten years before. But notwithstanding the judge's failure to request an updated report, he did permit defense counsel and defendant to present additional information regarding

defendant's prison behavior during the intervening years. I find no indication that the judge was incorrectly or inadequately apprised of defendant's background, or that he drew false inferences from the information afforded him.[1]

Beyond insuring the accuracy of the presentence information relied on by the judge and his compliance with statutory limitations, our appellate review of the judge's use of sentencing discretion is very limited. MCL 769.1; MSA 28.1072, *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976). This Court is not free to substitute its judgment as to what constitutes a proper sentence for a particular defendant. *People v Almond,* 67 Mich App 713, 719; 242 NW2d 498 (1976), *People v Thomas Ross,* 73 Mich App 287, 292; 251 NW2d 268 (1977). Contrary to defendant's contention, I do not interpret the judge's above-quoted remarks as necessarily implying a refusal to even consider defendant's prison behavior as a factor in resentencing. The judge did allow defense counsel to update defendant's presentence report. Having listened to the comments, the judge had discretion to assign great, little or no weight to defendant's allegedly good prison behavior in resentencing him. I am not willing to, and indeed cannot, dictate to the sentencing judge the importance he should accord to any one factor in defendant's background.

Although I do not accept defendant's argument on appeal, I would like to emphasize that the

---

[1] Defendant also argues that he is entitled to remand for a *Tucker* hearing because he was not represented by counsel at the sentencing hearing following two convictions prior to the ones directly involved on this appeal. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). In addition, he alleges other errors rendering those two prior convictions constitutionally infirm. I have reviewed defendant's contentions along with the allegedly supportive docket entries attached, and find that the record as presented does not support his arguments. See *People v Moore,* 391 Mich 426, 438-440; 216 NW2d 770 (1974).

sentencing judge could consider defendant's prison behavior as a factor supporting imposition of a different sentence on resentencing. In doing so, I register my disagreement with the prior ruling by this Court in *People v Allen,* 79 Mich App 100; 261 NW2d 225 (1977), a case with very similar facts to those in the case at bar. This Court held in *Allen* that the sentencing judge could not, on resentencing, take into account defendant's prison behavior since the imposition of his original sentence because the power to commute or modify previously imposed sentences rests in the executive branch and not in the judiciary. *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), *People v John Williams,* 65 Mich App 531; 237 NW2d 545 (1975). Modifying an earlier imposed sentence on the basis of good prison behavior would be tantamount to usurping an exeuctive prerogative. In the absence of indications that defendant's first sentence was overly harsh or unrealistic, the trial court could not lower it on resentencing for the same conviction.

It is well established that the judiciary has no power to alter a prior *valid* sentence because such an act would impinge impermissibly on the power of pardon and commutation granted exclusively to the governor under the constitution. Const 1963, art 5, § 14. *Moore v Parole Board,* 379 Mich 624; 154 NW2d 437 (1967), *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945). But in both *Allen* and the instant case, defendants' sentences had been vacated because of, respectively, the trial court's failure to grant defendant the right to allocution and lack of assistance of counsel at the sentencing hearing. If the originally imposed sentences were void, the sentencing judges were in effect imposing new sentences on defendants, even if ordered *nunc pro tunc,* rather than impermissibly altering previ-

ously imposed and still valid sentences. See *Elliott v Dep't of Corrections,* 343 Mich 681; 73 NW2d 298 (1955). I find no usurpation of a constitutionally based executive prerogative in changing a defendant's sentence on the basis of intervening events under these circumstances.

Finally, it may seem anomalous to allow a sentencing judge in the exercise of his or her discretion to impose *nunc pro tunc* a second sentence, differing from the original but invalid sentence, where both sentences arise from the same conviction and where the change in the second sentence is based solely on conduct occurring after imposition of the first sentence. But I find it even more anomalous to rule that, on resentencing, a judge must ignore any alteration, for better or for worse, in defendant's character or behavior, no matter how many years have passed since imposition of the original vacated sentence. Particularly where reduction of a sentence might be in order, such a ruling would unduly emphasize the purely punitive aspect of sentencing at the expense of maximizing the individual's demonstrated rehabilitative potential.[2]

I would affirm.

---

[2] Compare the Supreme Court's statement in *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), reaffirming that a trial judge has power on reconviction of a defendant to impose a sentence greater or lesser than the original sentence in light of events subsequent to the first trial, including defendant's prison behavior, that may have thrown new light on defendant's background and rehabilitative potential. Citing *Williams v New York,* 337 US 241, 247; 69 S Ct 1079, 1083; 93 L Ed 1337, 1341 (1949), the Court asserted:

"The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in *Williams v New York, supra,* that a State may adopt the 'prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.'" 395 US at 723; 89 S Ct at 2079-2080; 23 L Ed 2d at 668.