PEOPLE v TRIPLETT

Docket No. 63513. Decided February 1, 1980. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and remanded the matter to Recorder's Court of Detroit for resentencing before a different judge.

Joseph L. Triplett was convicted on his plea of guilty in Recorder's Court of Detroit, Henry L. Heading, J., of second-degree murder, and sentenced to 45 to 60 years imprisonment. The first conviction was vacated, and the defendant was convicted by a jury in Recorder's Court, John R. Murphy, J., of second-degree murder and sentenced to life imprisonment. The Court of Appeals, Bashara, P.J., and N. J. Kaufman and D. F. Walsh, JJ., remanded for resentencing (Docket No. 20352). 68 Mich App 531; 243 NW2d 665 (1976). The defendant was resentenced to 40 to 60 years imprisonment by Dalton A. Roberson, J., who relied on a presentence report, prepared approximately five years earlier, which the defendant alleged was stale because it did not include an account of his latter conduct in prison. The Court of Appeals, V. J. Brennan and Bashara, JJ. (N. J. Kaufman, P.J., dissenting), affirmed on the ground that the sentencing court had been informed of the defendant's conduct by letters from employees of the Department of Corrections (Docket No. 77-931). Defendant applies for leave to appeal. *Held:*

Criminal punishment must fit the offender rather than the offense alone, and the court's sound discretion must be exercised in sentencing matters. The sentencing judge must be guided by complete and detailed information regarding the offender if the sentence is to fulfill society's goals of rehabilitation and protection. A reasonably updated presentence report must be used in sentencing a defendant for a felony, because sentencing him without adequate knowledge of his needs would reduce the sentencing process from a first step toward rehabilitation to a game of chance. A defendant's conduct while in prison may shed considerable light on the prospect of rehabilitation, and report on such conduct would describe the defendant's most recent behavior and would be a valuable tool in

resentencing him. The defendant's sentence is set aside, and the matter is remanded for resentencing before a different judge with a reasonably updated presentence report.

91 Mich App 82; 283 NW2d 658 (1979) reversed.

State Appellate Defender (by *Norris J. Thomas, Jr.*) for defendant.

PER CURIAM *(to reverse and remand).* This matter requires us to resolve a conflict in our Court of Appeals[1] and determine whether the trial court reversibly erred in resentencing defendant without the benefit of a new or reasonably updated presentence report detailing, among other potential items, defendant's prior prison behavior. We resolve this inquiry in the affirmative and, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we remand this matter for resentencing before a different judge, who is to utilize a reasonably updated presentence report. The decision of the Court of Appeals is therefore reversed.

The facts of this case are quite simple although

[1] In *People v Moore,* 91 Mich App 319; 284 NW2d 483 (1979), Judge N. J. KAUFMAN authored an opinion remanding that matter for resentencing and directing the trial judge to secure an updated presentence report prior to resentencing in order to assure due consideration of defendant's previous ten years of prison conduct. In the opinion of Judge KAUFMAN, such a step was "necessary to insure that the trial judge was fully and accurately acquainted with defendant's background [citations omitted]". *Id.,* 321. Chief Judge DANHOF dissented.

In the Court of Appeals below, *People v Triplett (After Remand),* 91 Mich App 82; 283 NW2d 658 (1979), the majority indicated its preference for an updated report but found that "[t]he failure to include the conduct in the presentence report was * * * not prejudicial". *Id.,* 86. Judge KAUFMAN dissented from this decision and would have remanded for resentencing with an updated report.

In *People v Allen,* 79 Mich App 100; 261 NW2d 225 (1977), a unanimous panel held that the failure to provide a new or updated presentence report was not error since consideration of subsequent prison conduct on resentencing would amount to a usurpation of the executive power to commute sentences. The rationale for this ruling was expressly rejected by both the *Moore* and *Triplett* panels. We too find that *ratio decidendi* fallacious.

they now cover an expanse of nearly nine years. In 1972, defendant's original 1971 plea to a charge of second-degree murder and 45-60 year sentence were vacated because of errors in the plea proceeding. Defendant was subsequently tried by a jury and convicted of second-degree murder. Life imprisonment was imposed for this conviction. The Court of Appeals affirmed that conviction but remanded for resentencing on the ground that the trial court had failed to affirmatively enunciate its reasons for levying a higher sentence than that earlier meted out pursuant to defendant's plea. *People v Triplett,* 68 Mich App 531; 243 NW2d 665 (1976). On remand in 1976, defendant was resentenced to a term of 40-60 years imprisonment. Despite numerous claimed infirmities, the Court of Appeals affirmed that sentence in a 2-to-1 decision. *People v Triplett (After Remand),* 91 Mich App 82; 283 NW2d 658 (1979) (N. J. KAUFMAN, P.J., dissenting). Since 1971, therefore, defendant has been incarcerated in this state's penal facilities.

At resentencing in 1976, defendant objected to the trial court's reliance on the original presentence report which had been prepared in 1972 relative to defendant's conviction that year. Defendant contested the alleged staleness of that report since it had not been updated to reflect defendant's subsequent prison conduct and alleged progress toward rehabilitation spanning the five years of defendant's incarceration, 1972 through 1976. Indeed, although documents from two prison officials who had observed defendant during the five years of his incarceration had been submitted for review on resentencing, neither of those materials were included in this report. Nor was there any indication that a further presentence investigation had been made of defendant covering that period.

Rather, the only alteration made to the 1972 report considered at defendant's 1976 resentencing was the inclusion of a brief cover sheet prepared by the Probation Department of Recorder's Court. That terse introduction merely summarized the history of defendant's case since his 1971 plea-based conviction but added no further insight into defendant's conduct since 1972.

The Court of Appeals recognized that "[a]n updated presentence report * * * would be a valuable tool in resentencing", but ruled that the "failure to include the conduct in the presentence report was * * * not prejudicial" because the resentencing judge had been informally "apprised of the defendant's prison conduct" and had "indicated the weight to be given thereto". *Id.,* 86. Presiding Judge KAUFMAN succinctly dissented and would have directed resentencing with an updated presentence report of defendant's case since his 1971 plea-based conviction. *Id.,* 88-89.

In *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973), this Court emphasized its commitment to the principles that criminal punishment must fit the offender rather than the offense alone and that sound discretion must be exercised in sentencing matters. We stated:

*"The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential.* While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. *A judge needs complete information to set a proper individualized sentence."* (Emphasis supplied.)

See *North Carolina v Pearce,* 395 US 711, 723; 89 S Ct 2072; 23 L Ed 2d 656 (1969), citing *Williams v New York,* 337 US 241, 247; 69 S Ct 1079; 93 L Ed 1337 (1949).

To effectuate these goals, it is patent that sentencing inquiries must not be undertaken in a vacuum. Rather such inquiries must be guided by complete and detailed information regarding the offender if the sentence prescribed is to fulfill society's dual goals of rehabilitation and protection. See *Williams, supra,* 247.

The presentence report is a vital and necessary component of this effort to prescribe informed, individualized punishment in felony matters. *People v Lee,* 391 Mich 618, 631-639; 218 NW2d 655 (1974). See generally Case Note, *Criminal Procedure—Accuracy of Presentence Reports,* 22 Wayne L Rev 899 (1976). Indeed, unlike its discretionary predecessor, 1927 PA 175, ch XI, § 14, the present act mandates that "[b]efore sentencing any person charged with a felony, * * * the probation officer *shall* inquire into the antecedents, character and circumstances of such person or persons, and *shall* report thereon in writing to such court or magistrate". (Emphasis supplied.) MCL 771.14; MSA 28.1144. See generally *McFarlin, supra,* 567-571. In *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974), this Court explicitly recognized the critical importance of such a document in our holding that sentence may not be pronounced without the aid of a presentence report. It was further held that such a report may not be waived "even if the prosecutor, judge and defendant deemed it expedient in a particular case" to do so. *Id.,* 181. Our case law and statutory pronouncements therefore clearly attest to the pivotal significance of both the presentence investigation and report in the devel-

opment of individualized sentencing determinations.

Although this Court has not until today passed on the requirement that a reasonably updated presentence report must be utilized in sentencing for felonies, we have repeatedly indicated that such reports must be complete, accurate, and reliable. See *Wayne Circuit Judges v Wayne County,* 15 Mich App 713, 725-726; 167 NW2d 337 (1969), *rev'd on other grounds* 383 Mich 10; 172 NW2d 436 (1969); *People v Brown,* 393 Mich 174, 180-181; 224 NW2d 38 (1974), citing *People v Amos,* 42 Mich App 629; 202 NW2d 486 (1972); *People v Lee, supra,* 635, 639; *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559 (1971). Our holding that a reasonably updated report must be utilized at felony sentencing is merely a logical extension of such earlier indications. Indeed, our holding is a necessary corollary to the principle that sentencing must be individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing; "[s]entencing a defendant without an adequate knowledge of his needs would thereby reduce the sentencing process from a first step toward rehabilitation to the dignity of a game of chance". *People v Amos,* 42 Mich App 629, 638; 202 NW2d 486 (1972), cited with approval in *People v Brown,* 393 Mich 174, 180; 224 NW2d 38 (1974).[2] As correctly recognized by

[2] While we here emphasize the critical role of the presentence report in a sentencing judge's consideration of the rehabilitation goal, in *People v Brown, supra,* 181, we noted that "the Legislature, speaking for all the people", has required its use. Then Chief Justice T. M. KAVANAGH, although in dissent, spoke the following general philosophy:

"Judges need this discretionary judgment in order to tailor the punishment to fit the needs of the individual case. The exercise of this judicial discretion at sentencing is essential to protect the interests of both the defendant and the public." *Id.,* 185.

See *People v McFarlin, supra,* 574.

both the Court of Appeals majority and dissent below:

"The sentencing court should make every effort to individualize sentences in order to further the goal of rehabilitation. In this regard a defendant's conduct while in prison may shed considerable light on the prospect of rehabilitation. An updated presentence report which includes prison conduct would describe the defendant's most recent behavior and would be a valuable tool in resentencing. Such a procedure would not be a burden on the probation department since records are kept at prison which could easily be made available." *Triplett (After Remand), supra,* 86, 88. See *People v Moore,* 91 Mich App 319; 284 NW2d 483 (1979).

For the above reasons, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we rule that defendant's sentence should be set aside and this matter remanded for resentencing before a different judge who is to utilize an updated presentence report. The decision of the Court of Appeals is accordingly reversed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.