*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

WILLIAM LARENZO SHOULDERS,

Defendant-Appellee.

UNPUBLISHED
March 28, 2019

No. 342408
Wayne Circuit Court
LC No. 15-003289-01-FH

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Following a bench trial, the trial court found defendant guilty of operating a motor vehicle while intoxicated (OWI) causing death, MCL 257.625(4), and OWI causing a serious impairment of a body function, MCL 257.625(5). The recommended minimum sentencing guidelines range was 43 to 86 months' imprisonment; however, the trial court sentenced defendant to four years' probation and three nonconsecutive weeks in jail each year of his probationary term, as well as various other conditions, such as 365 hours of community service, enrollment in an Alcoholics Anonymous program, grief counseling, and college courses. The prosecution appealed as of right.

On appeal, this Court vacated defendant's sentence and remanded to the trial court for resentencing. *People v Shoulders*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2017 (Docket No. 331672), p 3. This Court noted that, at sentencing, "the trial court focused exclusively on the circumstances of the offender and articulated no consideration of the circumstances of the offense and the recommended minimum sentence range under the guidelines." *Shoulders*, unpub op at 3. This Court concluded that the drastic departure from the guidelines range was not proportionate to both the circumstances of the offender and the offense, and thus, the sentence imposed by the trial court was not reasonable without further consideration by the court of the relevant factors set forth in *People v Steanhouse* (*Steahhouse I*), 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part and rev'd in part on other grounds by *People v Steanhouse* (*Steanhouse II*), 500 Mich 453, 471 (2017). *Shoulders*, unpub op at 3.

At the subsequent resentencing hearings, the court considered the seriousness of the offenses, factors inadequately considered by the guidelines, and factors not considered by the guidelines in fashioning the sentence that it believed was appropriate for the offenses and the offender. At the conclusion of the hearings, the trial court sentenced defendant outside the recalculated minimum sentencing guidelines range of 36 to 71 months' imprisonment, sentencing defendant to a reduced sentence of three years' probation. Because defendant had already served nearly two years of probation, defendant was sentenced to the remaining one year and one day of probation. Defendant was also sentenced to a total of 39 days in jail, time served, discharging defendant of any remaining jail time. In addition, the trial court required that defendant complete an additional 200 hours of community service. The prosecution now appeals as of right.[1] We affirm.

The prosecution first argues that the Supreme Court erred when it struck down mandatory sentencing guidelines in *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), because mandatory guidelines are not unconstitutional, and therefore, the trial court erred in resentencing defendant outside of the guidelines range. The prosecution also recognizes that we are bound by *Lockridge*, and has merely made the argument to preserve it for later use. We need say nothing more.

The main thrust of the prosecution's appeal is that defendant's sentence should be vacated and the case remanded for resentencing because the sentence was not proportionate to the offense and the offender.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse II*, 500 Mich at 471. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

When determining whether a trial court abused its discretion by departing from the sentencing guidelines, this Court looks to whether the trial court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990). *Steanhouse II*, 500 Mich at 476-477. The principle of proportionality requires that the sentence imposed be proportionate to the " 'seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse II*, 500 Mich at 460, quoting *Milbourn*, 435 Mich at 636. "[T]he key

---

[1] Defendant raises two jurisdictional challenges, each of which is without any merit. First, defendant contends that, in regard to the prosecution's argument that *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), should be reversed and defendant sentenced to prison, this Court lacks jurisdiction to hear this appeal. However, the existence of binding Supreme Court precedent that says nothing about jurisdiction does not deprive this Court of jurisdiction. Second, defendant contends that, because he has been discharged from probation, this appeal is moot. However, this Court has jurisdiction to determine whether the sentence was not proportionate.

test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017) (quotation marks and citations omitted). In *Steanhouse I*, 313 Mich App at 46, this Court set forth several factors to be considered in determining whether a departure sentence is proportionate, including: "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." (Citations omitted.) When sentencing a defendant, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted).

On remand, the trial court acknowledged this Court's directive to address the seriousness of the offense, the factors that are not adequately considered by the guidelines, and the factors not considered by the guidelines. Looking to the seriousness of the offense, the trial court—after first discussing the theoretical aspects of "seriousness"—ultimately weighed the seriousness by looking to defendant's intent, noting that, other than the intent to drink alcohol, there was no intent or premeditation present, and therefore it was ultimately a general intent crime.

The trial court also considered factors not adequately considered by the guidelines. Contrary to the original sentencing hearing, during the resentencing hearing the trial court found that defendant's prior record was not adequately considered. The trial court found that prior record variables (PRVs) 1 through 6, all assessed at zero points, were not adequately considered by the guidelines because they do not take into consideration the environment in which a person lives, and essentially, the effect that the environment has on an individual's life.[2] Because defendant had not acquired any kind of record, even for noncriminal conduct, the trial court found that, based on the environment in which he lived, a completely clear record spoke highly of defendant's character.

The trial court offered several other factors not considered by the guidelines that assisted the court in fashioning an individualized sentence for defendant, such as defendant's employment history and his academic achievements. The trial court highlighted the fact that defendant has a successful employment history as witnessed by the fact that he was the owner of

---

[2] The court found that it is reasonable to consider the fact that defendant was a young black man who had grown up in a difficult area without any prior criminal record or even traffic violations. The prosecutor argues in one sentence—thus with no development at all—that the trial court erred in this regard, citing *People v Gjidoda*, 140 Mich App 294, 300-301; 364 NW2d 698 (1985). Although the trial court mentioned defendant's race (in a positive manner), the court was ultimately reflecting on defendant's law-abiding character, in light of the community in which he was raised. We do not consider this to be "a sentence. . . based upon an arbitrary classification, such as race or religion." *Id*. at 300.

a landscaping business that he started in 2013 and the owner of a tax expert business, and the fact that he employed 10 people and provided for others. The court also considered the fact that defendant had been on the honor roll in high school and voted most likely to succeed.

Furthermore, although this Court noted in the previous appeal that defendant's prior criminal conduct was already taken into consideration by the guidelines and that the trial court had not found that the prior criminal record was not adequately considered, on remand the trial court expanded on this issue, noting that the guidelines do not take into consideration defendant's overall record of law abidingness. The court took into consideration the fact that defendant did not have any traffic tickets, had no gang affiliation, paid his taxes, had no instances of being a minor in possession or drunk and disorderly, and had no history of alcohol or substance abuse.

On remand, the trial court weighed heavily defendant's remorse, expressing that defendant's remorse reflected positively not only on defendant's character but his potential for rehabilitation. The trial judge emphasized his belief that defendant's remorse was genuine, and recounted listening to the police recording on which defendant was heard in anguish over having been responsible for the death of the victim, stating that in "forty years of being a lawyer and a Judge, [he had] never heard something that, that touched with anguish and remorse and sadness like listening to that."

In fashioning the sentence, the trial court also considered defendant's postcrime conduct, which the guidelines do not consider, but which reflect on his character. The court focused on the fact that, after the accident, defendant did not flee or make up excuses, but rather, he went to the aid of the injured, he admitted that he had committed the crime, and he cooperated with the police. The court opined that many young men make excuses, but rather than make excuses, defendant took responsibility for his actions.

The trial court also considered defendant's postsentence conduct in determining the appropriate sentence, looking to defendant's conduct during the two years between his first sentencing and his resentencing. The trial court properly considered the updated Presentence Investigation Report (PSIR), *People v Triplett*, 407 Mich 510, 515; 287 NW2d 165 (1980), and looked to the fact that defendant had completed over 300 hours of community service, attended over 100 AA meetings, was in the process of establishing his own AA group, and had enrolled in colleges courses.

Also taken into consideration was the probation department's findings, which are not considered by the guidelines, that defendant was remorseful and a good candidate for community supervision, and upon resentencing, defendant should be sentenced to his remaining term of probation. The trial court agreed with the probation department's recommendation that defendant was in fact a good candidate for community supervision due to the fact that, since his original sentencing, defendant had been in the community and there were no reports of probation violations.

The trial judge also articulated that, in considering defendant's postsentence conduct, defendant had done everything that he was required to do, as witnessed by the fact that he showed up to all of his required obligations on time, he never tried to reschedule, and he had

never been delinquent or tardy. The trial court noted that all of the information gathered regarding defendant's postcrime conduct assists in determining defendant's potential for rehabilitation.

Upon a thorough review of the record, and in light of the great deference we give to the trial court's finding and conclusions, we conclude that defendant's sentence is reasonable. This Court has held that "a sentence that fulfills the principle of proportionality under *Milbourn*, and its progeny, constitutes a reasonable sentence under *Lockridge*." *Steanhouse II*, 313 Mich App at 47-48. The trial court articulated consideration of all of the relevant factors set forth under the principle of proportionality. In fashioning the appropriate sentence, the court considered the seriousness of the offense, looking to the fact that there was no premeditation on the part of defendant, other than the intent to drink alcohol. While the court noted that this was ultimately an accident, the court took into consideration the fact that the loss of life and injury are very serious concerns. Aside from the trial court's consideration of defendant's race, the trial court provided ample other reasons for imposing the sentence that it did, including the fact that the guidelines do not consider defendant's reputation for completely obeying the laws, defendant's past achievements, such as his employment and academic history, defendant's postcrime and postsentence conduct, defendant's remorse and rehabilitative nature, and the probation department's recommendation that defendant be sentenced to probation because he is a good candidate for community supervision. Thus, the trial court, upon review of the appropriate factors, determined that a probationary sentence was a proportionate sentence, taking into consideration this particular offense and the circumstances of this offender. The trial court did not abuse its discretion.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel