PEOPLE v ANDRE ALEXANDER

Docket No. 53107. Submitted October 20, 1980, at Detroit.—Decided December 16, 1981.

Andre Alexander was convicted of assault on a prison guard in the Ionia Circuit Court, James L. Banks, J. Defendant appealed by leave granted. *Held:*

1. At trial, defense counsel attempted to introduce edited versions of Administrative Segregation Interview Reports regarding defendant which the counselor had prepared in order to show that the counselor knew defendant for several weeks longer than he claimed on direct examination. However, the trial court refused to admit edited copies on the basis of the best evidence rule. The court was wrong in ruling that the best evidence rule precluded admission of the edited copies. The best evidence rule only applies when the contents of a writing are at issue. However, the reports were properly excluded. Written reports used as evidence of a witness's prior inconsistent statements may not be used as substantive evidence and may not be introduced as exhibits.

2. At sentencing, defendant was given an ample opportunity for allocution.

3. The trial judge did not err when inquiring as to the possibility of the jury's reaching a verdict. The judge asked no question which might reasonably be expected to disclose the numerical division of the jury.

Affirmed.

1. EVIDENCE — WITNESSES — PRIOR INCONSISTENT STATEMENTS.

Extrinsic evidence of a witness's prior inconsistent statement is admissible where the witness is afforded an opportunity to

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses §§ 605, 608, 609.
[2] 81 Am Jur 2d, Witnesses § 609.
[3] 21 Am Jur 2d, Criminal Law § 599.
[4] 76 Am Jur 2d, Trial § 1058.

Propriety and prejudicial effect of trial court's inquiry as to numerical division of jury. 77 ALR3d 769.

explain or deny the inconsistency and the opposing party is afforded an opportunity to interrogate him relative thereto.

2. EVIDENCE — WITNESSES — PRIOR INCONSISTENT STATEMENTS — EXHIBITS.

Written reports used as evidence of a witness's prior inconsistent statement may not be used as substantive evidence and may not be introduced as exhibits.

3. CRIMINAL LAW — SENTENCING — PRIOR CRIMINAL ACT.

Generally, a trial court, in imposing sentence, may consider a defendant's other criminal activities for which no convictions resulted, provided the defendant is given an opportunity to respond.

4. CRIMINAL LAW — TRIAL — JURY DELIBERATIONS.

A judge's questioning jurors in a criminal trial regarding the state of their deliberations was not reversible error as coercive questioning where there was no explicit revelation of the numerical division of the jury.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Randy H. Smith,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Prosecuting Attorney, for the people.

*O'Conner, McNamara & O'Keeffe,* for defendant.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

PER CURIAM. Defendant was convicted by a jury of assault on a prison guard, contrary to MCL 750.197(c); MSA 28.394(3). He was sentenced to two to four years in prison and appeals by leave granted.

On May 10, 1979, defendant requested to see a prison counselor and was summoned to a counselor's office. Upon entering the office, defendant requested a grievance form in order to protest his continuation in segregation. Defendant was in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

formed that he could not protest the Security Classification Committee's decision. Defendant then "jumped up" and threw a wire mail basket and other items at the counselor. A scuffle ensued, and the counselor managed to subdue defendant. An inmate hall porter witnessed part of the struggle and brought help from other prison employees.

At trial, defense counsel attempted to introduce edited versions of Administrative Segregation Interview Reports regarding defendant which the counselor had prepared in order to show that the counselor knew defendant for several weeks longer than he claimed on direct examination. However, the trial court refused to admit edited copies stating instead that the best evidence rule would require the entire originals. While wrong in principle, the result reached was correct.

The best evidence rule only applies when the contents of a writing are in issue. In the case at bar, the contents are not in issue, or are not an operative fact, and the rule should not have been invoked.

It is clear that defendant wished to use the reports to impeach the counselor as to the length of time he knew defendant. Such use is analogous to impeaching a witness by way of a prior inconsistent statement. Such is not collateral and can be accomplished by use of extrinsic evidence. Indeed, it does not stretch the rules of evidence to characterize the signed and dated report as a "statement" circumstantially relevant to when the counselor became acquainted with defendant. Thus, if viewed as a statement, the report could be used for impeachment purposes because "[e]xtrinsic evidence of an inconsistent statement is admissible if the witness is afforded the opportunity to explain or deny and the opposing party is allowed to

interrogate him thereon". *People v Hogan,* 105 Mich App 473, 481; 307 NW2d 72 (1981).

The record reveals that defendant was able to cross-examine the witness on the report in question. Further, Michigan does not allow prior inconsistent statements to be used as substantive evidnce and, thus, they cannot be introduced as exhibits. Consequently, although the trial court excluded admission into evidence of the reports for the wrong reason, they were not admissible as exhibits since their use was limited to impeachment.

Defendant next claims that he was not afforded an opportunity for allocution at his sentencing. This argument is not supported by the record. The trial judge specifically asked defense counsel whether he had been "furnished with a copy of [the presentence investigation] report" and whether he had "any remarks about the contents of that report". Defense counsel acknowledged that he had been provided with a copy of the report but objected to the inclusion of an alleged assault by defendant on a prison guard occurring on January 22, 1980.

When imposing sentence, it is generally accepted that a trial court may conduct a broad inquiry into many facets of defendant's life, including other criminal activities for which no conviction resulted, provided the defendant has an opportunity to respond. *People v Newsum,* 105 Mich App 755; 307 NW2d 412 (1981), *People v Lytle,* 102 Mich App 708; 302 NW2d 289 (1981). Thus, the alleged assault was properly included in the presentence report and could have been considered by the trial court in its sentencing decision. Indeed, the trial court recognized such but stated that it would *not* consider the alleged assault "to any

extent in this matter". In any event, defendant was given an opportunity to respond:

> "*The Court:* * * * Mr. Alexander, do you have anything that you wish to say to the Court before sentence is imposed?
> "*Mr. Alexander:* Nothing, but I—nothing.
> "*The Court:* Do you have anything that you want me to know that you think may help in sentencing? This is the time to say it.
> "*Mr. Alexander:* I would—I still say that I didn't assault Chester Lockwood.
> "*The Court:* Anything else?
> "*Mr. Alexander:* No, sir."

The provisions of the court rules were complied with fully.

Defendant also claims that the trial judge impermissibly asked the jury about the possibility of reaching a verdict. A careful reading of the transcript reveals no undue influence and, indeed, no impropriety has been shown as the trial judge did not ask "any questions of jurors the answer to which might reasonably be expected to disclose the numerical division of the jury". *People v Luther,* 53 Mich App 648, 650; 219 NW2d 812 (1974), *aff'd* 394 Mich 619; 232 NW2d 184 (1975).

Defendant's final claims, which his counsel presents but does not join, generally amount to allegations of lack of a fair trial. The claims are not meritorious and do not warrant discussion. Counsel has fulfilled his obligation to his client. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.