# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOHN EDWARD SMITH,

       Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 321099
Wayne Circuit Court
LC No. 13-008431-FH

---

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of larceny from the person, MCL 750.357, and larceny in a building, MCL 750.360, for stealing a winning slot machine ticket from an elderly victim, M.B. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 9 to 20 years' imprisonment for his larceny from the person conviction and one to four years' imprisonment for his larceny in a building conviction. We affirm.

Defendant first asserts that his larceny from the person sentence is cruel or unusual punishment. We disagree.

A defendant must raise a claim that his sentences are unconstitutionally cruel or unusual in the trial court, People v Bowling, 299 Mich App 552, 557; 830 NW2d 800 (2013), and defendant did not do so. The issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999). In order for defendant to satisfy the plain error test, "three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected [his] substantial rights." Id. The third prong "generally requires a showing of prejudice." Id. Prejudice occurs when "the error affected the outcome of the lower court proceedings." Id.

The Michigan Constitution prohibits cruel or unusual punishment, Const 1963, art 1, § 16, whereas the United States Constitution prohibits cruel and unusual punishment. US Const, Am VIII. If a punishment "passes muster under the state constitution, then it necessarily passes muster under the federal constitution." People v Nunez, 242 Mich App 610, 618-619 n 2; 619 NW2d 550 (2000). "A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual" punishment. Bowling, 299 Mich App at 558, "In order to overcome the presumption that the sentence is proportionate, a defendant must

present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187, 622 NW2d 71 (2000).

Defendant does not dispute that his sentence is within the minimum guidelines range; rather, defendant contends that his sentence is disproportionate because of unusual circumstances. Specifically, defendant contends that his age, 56 years old, and his "poor mental health" amount to unusual circumstances that render his presumptively proportionate sentence disproportionate. Age and mental health are not factors that amount to unusual circumstances. Our Supreme Court held that a court is not required to consider a defendant's age in determining whether a sentence is disproportionate. *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997). Additionally, defendant did not support his argument with any authority to indicate that a court is required to consider mental health factors when determining the proportionality of a sentence. Accordingly, defendant has failed to provide unusual circumstances that render his sentence disproportionate. Therefore, defendant's sentence does not constitute cruel or unusual punishment and no error occurred.

In defendant's Standard 4 Brief on appeal, he raises a number of issues regarding error committed by the trial court, prosecutor, and defense counsel that all led to prejudice against defendant. We disagree.

Defendant first argues that the trial court erred when it denied his motion to suppress evidence because the arresting officer did not have probable cause to arrest defendant. This Court "review[s] a trial court's findings of fact for clear error [and] review[s] de novo the trial court's ultimate decision on a motion to suppress." *People v Frohriep*, 247 Mich App 692, 702; 637 NW2d 562 (2001). A trial court's "finding of fact is clearly erroneous if, after a review of the entire record, [we are] left with a definite and firm conviction that a mistake has been made. *Id*. (quotation marks and citations omitted).

Defendant contends that the trial court erred by denying his motion to suppress evidence resulting from defendant's alleged illegal arrest.[1] Defendant asserts that parole officer Jane Belkus and parole supervisor Charles Page did not have probable cause to arrest defendant because they were given erroneous information by Detroit Police Officer Jeffrey Robert. "In order to lawfully arrest a person without a warrant, a police officer must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant committed it." *People v Cohen*, 294 Mich App 70, 74-75; 816 NW2d 474 (2011) (quotation and citation omitted). An officer has probable cause to make an arrest if a person with reasonable caution would believe that an offense will be or has been committed given the officer's facts and knowledge, which are reasonably trustworthy information. *Cohen*, 294 Mich App at 75. "The

---

[1] Defendant argues that all of the evidence against him must be suppressed. However, defendant's argument is a misstatement of the law as this Court has recognized that the appropriate and sole remedy for an illegal arrest is the suppression of evidence *derived as a result of the illegal arrest* under the fruit of the poisonous tree doctrine. *People v Rice*, 192 Mich App 240, 244; 481 NW2d 10 (1991). Defendant fails to articulate what evidence was derived as a result of the alleged illegal arrest.

probable cause standard 'is a practical, nontechnical conception' judged from the totality of the circumstances before the arresting officers." *Cohen*, 294 Mich App at 75, quoting *Maryland v Pringle*, 540 US 366, 370; 124 S Ct 795; 157 L Ed 2d 769 (2003).

Officer Robert had probable cause to arrest defendant. Prior to defendant's arrest, Officer Robert viewed the casino surveillance video that showed defendant taking a winning slot machine ticket voucher from an elderly man inside the casino. Officer Robert recognized defendant as the person taking the winning ticket voucher because Officer Robert had previously arrested defendant "for the same behavior which sent [defendant] to prison on his last prison term." Defendant argues that because the age of the victim and the date of the offense were inaccurate in the Parole Violation Report, Officer Robert did not have probable cause to arrest defendant. However, the facts and circumstances within Officer Robert's knowledge, of which he had reasonably trustworthy information from the casino surveillance video, were sufficient to warrant a person of reasonable caution in the belief that a larceny had been committed and that defendant had committed it. Judged from the totality of the circumstances that were before Officer Robert, he had probable cause to arrest defendant. Defendant's argument is without merit and the trial court did not err in denying defendant's motion to suppress evidence.

Defendant also argues that the trial court abused its discretion when it denied his first motion to quash because of a 23 day delay from his arrest to the time he was arraigned. However, defendant was arrested and taken into custody based on a parole violation, not the current charges. Thus, the trial court did not abuse its discretion.

Furthermore, defendant asserts that he was detained for an additional 23 days without an arraignment so that Officer Robert could put a case together and charge defendant with something "totally different from the probable cause used in the arrest." Defendant fails to adequately explain or rationalize this allegation. We have held that a defendant "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641, 588 N.W.2d 480 (1998). The defendant abandoned the issue by failing to adequately "address the merits of his assertion of error." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Defendant did not cite any supporting authority nor analysis for his argument and therefore, this argument is without merit.

Defendant next maintains that he was denied a fair trial because the trial judge demonstrated bias toward defendant. We disagree.

A party must raise a claim of judicial bias in the trial court. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Defendant did not raise a claim of judicial bias in the trial court. The issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

"A criminal defendant is entitled to a 'neutral and detached magistrate.' " *Jackson*, 292 Mich App at 597, quoting *People v Cheeks*, 216 Mich App 470, 480; 549 NW2d 584 (1996). "A defendant claiming judicial bias must overcome 'a heavy presumption of judicial impartiality.' " *Jackson*, 292 Mich App at 598, quoting *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374

(1999). In general, this Court applies the following analysis to determine whether a trial court's comments or conduct deprived the defendant of a fair trial:

> Michigan case law provides that a trial judge has wide discretion and power in matters of trial conduct. This power, however, is not unlimited. If the trial court's conduct pierces the veil of judicial impartiality, a defendant's conviction must be reversed. The appropriate test to determine whether the trial court's comments or conduct pierced the veil of judicial impartiality is whether the trial court's conduct or comments "were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial." [*Jackson*, 292 Mich App at 598, quoting *People v Conley*, 270 Mich App 301, 307–308; 715 NW2d 377 (2006).]

"Judicial rulings . . . are not themselves valid grounds for alleging bias 'unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible.' " *Jackson*, 292 Mich App at 598, quoting *Wells*, 238 Mich App at 391.

Defendant contends that the trial judge's failure to consider the contents of defendant's three pretrial motions and four pages of documentary evidence attached to his motions amounts to judicial bias. Nothing in the record suggests that the trial judge failed to consider any of defendant's documentary evidence. Further, defendant fails to explain how the trial judge's conduct was of such a nature as to unduly influence the jury when this alleged instance of judicial bias occurred prior to the empaneling of a jury. Rather, the record demonstrates that the trial court was aware of the attached documentary evidence, particularly because defendant referenced attachments A, B, and C, and defendant distinctly indicated what was contained on each attachment. To the extent defendant argues that the trial court's denial of his motion to suppress evidence and two motions to quash amounts to judicial bias, there is no indication of deep-seated favoritism or antagonism such that the exercise of fair judgment was impossible. Therefore, since the judicial ruling denying defendant's motion is not enough to allege a judicial bias, defendant cannot overcome the heavy presumption of judicial impartiality.

Defendant also alleges that the trial court abused its discretion when it admitted a casino surveillance video because it was not properly authenticated, and that the trial court erred when it admitted an NRT machine[2] computer printout because it violated the best evidence rule. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Defendant objected on the basis that the surveillance video was not properly authenticated. The trial court disagreed and admitted the surveillance video. Defendant raises the same ground on appeal. The issue whether the surveillance video was properly authenticated is preserved. Defendant failed to object to the

---

[2] A NRT machine is a machine in the casino that reads patron's TITO (time in and time out) tickets and then pays patrons the amount of money that is on the ticket.

admission of the NRT computer printout as a violation of the best evidence rule. Therefore, that objection is not preserved.

This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant contends that the casino surveillance video was not properly authenticated. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." MRE 901(a). One way to satisfy the authentication or identification requirement is to have a witness with knowledge provide "testimony that a matter is what it is claimed to be." MRE 901(b)(1). Scott Koch, the supervisor of casino security, testified that the casino surveillance video admitted at trial was a copy of the original casino surveillance video. Koch testified that he watched the original video, his supervisor made a copy of the original, and then Koch reviewed the copy his supervisor made. Koch stated that there were no differences between the original video and the copy made by Koch's supervisor. Thus, the surveillance video was properly authenticated as Koch, a witness with knowledge, testified that the surveillance video was a copy of the original casino surveillance video. The trial court did not abuse its discretion by admitting the casino surveillance video into evidence.

Defendant also asserts that an NRT computer printout that was admitted was not the best evidence presented and that the prosecution was required to present the victim M.B.'s slot machine ticket at trial. However, defendant abandoned this issue on appeal. Once again, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kelly*, 231 Mich App at 640-641. Defendant merely asserts that the prosecution is required to provide the best evidence without citing any supporting authority and no citation to the lower court record. Further, defendant gave cursory treatment to the issue. The issue is abandoned.

In any event, no error occurred as the NRT computer printout did not violate the best evidence rule. "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules [or by statute]." MRE 1002. However, "the best evidence rule only applies when the contents of a writing are [at] issue." *People v Alexander*, 112 Mich App 74, 76; 314 NW2d 801 (1981). Here, the content of M.B.'s slot machine ticket voucher was not at issue. Although the ultimate issue revolved around whether defendant took M.B.'s slot machine voucher, the actual *content* of the slot machine voucher was not the issue. Because the best evidence rule only applies when the "contents of a writing are [at] issue," *Alexander*, 112 Mich App at 76, the best evidence rule does not apply and no error occurred.

Defendant next argues that the prosecution committed prosecutorial misconduct. We disagree.

"[T]o preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant failed to raise the issue that the prosecution suppressed evidence of defendant's player activity log. The issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant also abandoned this issue on appeal. See Kelly, 231 Mich App at 640-641. Defendant merely announced a position and this Court is unable to rationalize the basis for his claim. Defendant provided only cursory treatment to his assertion and defendant failed to cite any supporting authority in his three sentences of argument.

In any event, defendant has failed to show any prosecutorial misconduct. To the extent defendant argues that the prosecution used false evidence when it offered M.B.'s player activity log at trial that was different from the player activity log that was provided to defendant in discovery, defendant's argument is without merit. A prosecutor violates a defendant's right to due process when he or she knowingly uses false evidence to obtain a conviction. *People v Herndon*, 246 Mich App 371, 417; 633 NW2d 376 (2001). The record is devoid of any indication that the prosecutor knowingly admitted a false player activity log. Further, there is no indication in the record that the prosecution admitted a different player activity log than the one that was provided to defendant in his discovery package. In addition, the defendant claims the prosecutor violated rules of evidence by producing the NRT computer printout ticket and by producing the video tape. As discussed above, these instances were not in violation of any rules of evidence and were properly admitted. Therefore, defendant's assertion of prosecutorial misconduct lacks any basis in fact. Accordingly, no error occurred as the prosecution did not knowingly use false evidence to obtain a conviction.

Defendant's argument that a *Brady*[3] violation occurred because the prosecutor failed to disclose evidence is also without merit. To establish a *Brady* violation, a defendant must prove: "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) viewed in its totality, is material." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

Defendant has not established that M.B.'s player activity log was favorable to defendant. Furthermore, defendant failed to establish that had M.B.'s player activity log been disclosed to him, a reasonable probability exists that the outcome of the proceedings would have been different, particularly when the casino surveillance video was admitted at trial. Defendant has failed to establish a *Brady* violation. No prosecutorial misconduct occurred.[4]

Next, defendant contends he was denied the effective assistance of counsel. We disagree.

---

[3] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

[4] Defendant also alleges prosecutorial misconduct because the prosecutor abused his power and misled the jury to false information. Defendant did not point to any part in the record where this occurred or offer any explanation regarding this allegation. Thus, this argument is abandoned.

When a defendant does not "move for a *Ginther*[5] hearing or a new trial [in the trial court] on the basis of ineffective assistance of counsel, [appellate review] is limited to mistakes apparent on the record." *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001). Defendant did not move for a *Ginther* hearing or a new trial in the trial court on the basis of ineffective assistance of counsel. Therefore, appellate review of this issue is limited to mistakes apparent on the record. *Id.* Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). This Court reviews a trial court's findings of fact for clear error and reviews questions of constitutional law de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Trakhtenberg*, 493 Mich at 51. To establish ineffective assistance of counsel, "the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id.* at 81. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Furthermore, "[c]ounsel is not required to raise meritless or futile objections." *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

Defendant first contends he was denied the effective assistance of counsel when trial counsel "failed to investigate the facts provided to [trial counsel]" regarding the circumstances of defendant's alleged illegal arrest. Limited to the review of the record, there is no evidence to support defendant's contention that trial counsel failed to investigate the circumstances of defendant's arrest. Thus, defendant has failed to prove the factual predicate for his claim. *Carbin*, 463 Mich at 600. Therefore, trial counsel was not ineffective for failing to investigate the case.

Defendant next asserts that trial counsel was ineffective for not assisting defendant in the preparation of his motion to suppress evidence. Particularly, defendant claims that counsel was ineffective for failing to analyze and edit his motions. Again, there is no evidence in the record that counsel failed to analyze and edit defendant's motions and defendant has failed to prove the factual predicate of his claim. *Carbin*, 463 Mich at 600. Therefore, defendant has failed to prove that counsel's performance fell below an objective standard of reasonableness in this regard.

---

[5] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant also asserts that counsel was ineffective on the second day of trial for "abandon[ing] her role as defendants [sic] adversarial representative" when counsel allowed the prosecution to admit the casino surveillance video. However, defendant had waived his right to counsel while affirmatively asserting his constitutional right of self-representation on the first day of trial. At that point, defendant's trial counsel was appointed as standby counsel. Although standby counsel "may offer advice," standby counsel does not represent the defendant, speak for the defendant, or "substantially interfere with any tactical decisions." *People v Willing*, 267 Mich App 208, 227-228; 704 NW2d 472 (2005). If a defendant has freely chosen to represent himself with only standby counsel, the defendant cannot then claim ineffective counsel. *People v Kevorkian*, 248 Mich App 373, 419; 639 NW2d 291 (2001). However, there may be an exception if standby counsel was simply a title, and the attorney was actually acting throughout the proceedings as lawyer and representative for the defendant. *Kevorkian*, 248 Mich App at 424. In this case, standby counsel did not act as defendant's lawyer throughout the proceedings. Defendant conducted jury selection, gave an opening statement, cross-examined all of the prosecution's witnesses, conducted direct examination of his sole witness, and gave a closing argument. Because standby counsel was not acting as defendant's lawyer throughout the proceedings, defendant cannot now assert that his voluntary choice to represent himself denied him the effective assistance of counsel. Accordingly, defendant was not denied the effective assistance of counsel.

Lastly, defendant argues that OV 13 was incorrectly assessed 10 points. We disagree.

"A challenge to a sentence that is within the guidelines sentence range is preserved when it is raised at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals." *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013), citing MCL 769.34(10). Defendant did not raise the issue that OV 13 was incorrectly assessed 10 points at sentencing, in a motion for resentencing, or in a motion to remand filed in this Court. The issue is not preserved. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763.

OV 13 addresses a defendant's continuing pattern of criminal behavior. MCL 777.43(1). OV 13 is properly assessed 10 points when the sentencing "offense was a part of a pattern of felonious criminal activity involving a combination of three or more crimes against a person or property." MCL 777.43(1)(d). In determining the score under OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted, regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

The sentencing offense, larceny from the person, is classified as a crime against a person. MCL 777.16r. Defendant was also concurrently convicted of larceny in a building, which is classified as a crime against property. MCL 777.16r. Additionally, in 2011, defendant was convicted of larceny from the person. Defendant's two larceny from the person convictions, paired with defendant's larceny in a building conviction, demonstrates a pattern of felonious criminal activity involving a combination of three crimes against a person or property. The trial court properly assessed 10 points to OV 13.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause