# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GIOVANNI KOESE-ERIC CASPER,

Defendant-Appellant.

UNPUBLISHED
January 11, 2018

No. 335316
Kent Circuit Court
LC No. 06-012242-FC

Before METER, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

In 2007, a jury convicted defendant, then a juvenile, of first-degree murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felon-firearm), MCL 750.227b. The trial court sentenced defendant to a two-year term of imprisonment for the felony-firearm conviction, which was to be served before a consecutive term of mandatory life imprisonment, without the possibility of parole, for the first-degree murder conviction. This Court affirmed defendant's convictions and sentences in an unpublished opinion. *People v Casper*, unpublished opinion per curiam of the Court of Appeals, issued January 20, 2009 (Docket No. 280261), p 4. The basic facts of defendant's crimes were stated by this Court in *Casper*, unpub op at 1, as follows:

> Defendant's convictions arose out of the shooting death of Kenneth Dear at a roller-skating rink. Testimony at trial established that defendant and Dear were from rival gangs and that both were present at the rink during a large social event. At some point during the evening, a fight broke out between members of the two gangs. After security broke that fight up, another fight erupted after defendant approached Dear. Testimony established that defendant was standing in front of Dear with his arm extended in Dear's direction when Dear suffered a single fatal gunshot wound to the chest.

In 2016, defendant was brought before the trial court for resentencing pursuant to the United States Supreme Court's rulings in *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), which held that mandatory life imprisonment without the possibility of parole for juvenile offenders violated the Eighth Amendment's prohibition against cruel and unusual punishment, and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718, 736-737; 193 L Ed 2d 599, which held that the decision in *Miller* applies retroactively.

-1-

The trial court resentenced defendant to 40 to 60 years' imprisonment for the first-degree murder conviction. Defendant now appeals his new sentence. We affirm.

Before the resentencing hearing, defendant filed a motion to adjourn the hearing in order "to allow adequate time for a mitigation specialist to conduct an evaluation of [defendant] and/or permit an updated investigation of [defendant] to succeed the original presentence report . . . ." The trial court denied defendant's motion.

Defendant first claims that the trial court erred in denying his motion to adjourn in order to obtain an updated presentence investigation report (PSIR) before the resentencing hearing.

A trial court's decision to grant or deny a motion for adjournment is reviewed for an abuse of discretion. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). "An abuse of discretion occurs when the [trial] court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Bass*, 317 Mich App 241, 256; 893 NW2d 140 (2016) (quotation marks and citation omitted).

The trial court must use a reasonably updated PSIR in sentencing for felonies. *People v Triplett*, 407 Mich 510, 515; 287 NW2d 165 (1980). Such a report must be "complete, accurate, and reliable." *Id*. "[A] supplemental presentence report can provide the necessary updating." *People v Hemphill*, 439 Mich 576, 581; 487 NW2d 152 (1992). Regarding an updated report at resentencing, "the manner in which the pertinent facts are compiled is not as crucial as is the content or accuracy of this information after it reaches the hands of the trial judge . . . ." *Id*. at 582 (quotation marks and citation omitted). A PSIR assists the court in imposing a sentence that is "individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing . . . ." *Triplett*, 407 Mich at 515.

MCR 6.425(A) describes the information to be included in an original PSIR, and by logical extension, to be reasonably updated before resentencing. That court rule provides, in relevant part:

(A) Presentence Report; Contents.

(1) Prior to sentencing, the probation officer must investigate the defendant's background and character, verify material information, and report in writing the results of the investigation to the court. The report must be succinct and, depending on the circumstances, include:

(a) a description of the defendant's prior criminal convictions and juvenile adjudications,

(b) a complete description of the offense and the circumstances surrounding it,

(c) a brief description of the defendant's vocational background and work history, including military record and present employment status,

(d) a brief social history of the defendant, including marital status, financial status, length of residence in the community, educational background, and other pertinent data,

(e) the defendant's medical history, substance abuse history, if any, and, if indicated, a current psychological or psychiatric report,

(f) information concerning the financial, social, psychological, or physical harm suffered by any victim of the offense, including the restitution needs of the victim,

(g) if provided and requested by the victim, a written victim's impact statement as provided by law,

(h) any statement the defendant wishes to make,

(i) a statement prepared by the prosecutor on the applicability of any consecutive sentencing provision,

(j) an evaluation of and prognosis for the defendant's adjustment in the community based on factual information in the report,

(k) a specific recommendation for disposition, and

(*l*) any other information that may aid the court in sentencing.

Before resentencing defendant, the trial court received a Presentence Case Report (PCR) from the probation department of the Michigan Department of Corrections. The PCR included a list of defendant's behavioral infractions from June 2007 through September 2016,[1] a statement that defendant completed a program and earned his GED, two positive statements from defendant's work evaluations, and a statement that defendant had no medical issues and was otherwise in good physical health.

Also, before resentencing defendant, the trial court received a resentencing memorandum from defendant. The resentencing memorandum was extremely thorough, containing 17 pages and several attached exhibits. The resentencing memorandum thoroughly outlined the circumstances of defendant's childhood and the facts of the sentencing offense, including defendant's claim that the gun accidentally discharged when he was punched and fell over. Most notably, the resentencing memorandum included an in-depth discussion of defendant's efforts and progress toward rehabilitation while incarcerated, including that defendant obtained his GED and completed 16 other educational, technical, and counseling programs. Moreover, the memorandum noted that defendant was pursuing an associate's degree through Jackson College

---

[1] According to the PCR, defendant's last behavioral infraction happened in 2013.

and that he had a 4.0 GPA. The resentencing memorandum also stated that defendant was in the lowest custody level within the MDOC that his conviction allowed and that defendant had not received a misconduct citation for three years. The memorandum also discussed five statements of praise from defendant's work reviews while incarcerated. The memorandum also provided and discussed statements relating to the "outpouring of support from family, friends, volunteers and program leaders who have also bared [sic] witness to [defendant's] remarkable drive to succeed." The resentencing memorandum discussed that defendant had ambitions of becoming a child psychologist and becoming a positive role model for his young son. The memorandum also discussed adolescent brain development, the role of a mitigation specialist, and the function of a mitigation investigation.

We conclude that the PCR and defendant's resentencing memorandum reasonably updated the trial court regarding the information contained in the original PSIR. There was no indication that the information was not complete, accurate, and reliable.[2] And because "the manner in which the pertinent facts are compiled is not as crucial as is the content or accuracy of this information after it reaches the hands of the trial judge," *Hemphill*, 439 Mich at 582 (quotation marks and citation omitted), we conclude that such information was sufficient to assist the trial court in imposing a sentence that was "individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing . . . ." *Triplett*, 407 Mich at 515. Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant's motion to adjourn to obtain an updated PSIR before resentencing.

Defendant next argues that the trial court erred in considering materially inaccurate information about him from the PCR and in conducting independent research on collateral cases involving defendant and his parents' divorce. Because defendant did not preserve this issue for appeal,[3] our review is limited to ascertaining whether plain error occurred that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal under the plain-error doctrine requires an initial showing that (1) error occurred, (2) the error was clear or obvious, and (3) the error affected defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *Carines*, 460 Mich at 763. The third requirement generally requires showing that the error affected the outcome of the lower-court proceedings. *Id*. In addition, reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks and citation omitted).

At sentencing, the trial court must give a defendant an adequate opportunity to rebut any matter that the defendant believes is inaccurate. *People v Waclawski*, 286 Mich App 634, 690; 780 NW2d 321 (2009). Additionally, this Court has held that, when imposing a sentence, "a trial

---

[2] The PCR did contain one misstatement, which we address *infra*.

[3] The trial court, as discussed *infra*, mentioned the PCR and the "collateral research" at sentencing but defendant did not object to their use or ask to see the materials. Nor did he seek any other relief in the lower court based on the claimed error.

court may conduct a broad inquiry into the many facets of [a] defendant's life," as long as the defendant has an opportunity to respond. *People v Alexander*, 112 Mich App 74, 77; 314 NW2d 801 (1981).

The PCR that the trial court received for resentencing contained a factual error—that defendant was involved in a fight in February 2010 while incarcerated—and it omitted various educational programs that defendant completed, as well as additional work-assignment evaluations. In addition, despite informing the parties that it received an update to the PSIR, the trial court did not provide defendant or the prosecution with a copy of the update as required by MCR 6.425(B). Nor did the trial court inform the parties that parts of the update would not be disclosed or state on the record its reasons for nondisclosure. See *id*. Because the trial court did not disclose the PCR to defendant before resentencing, defendant did not discover the inconsistency or omissions. The trial court also did not disclose the results of its research into collateral cases. Thus, defendant did not have an opportunity to respond to the PCR or the collateral cases. We therefore conclude that the trial court plainly erred.

However, we conclude that reversal, and thus resentencing, is not required under the plain-error doctrine. There is simply no indication that the trial court relied on the inaccuracy regarding the fight in making its resentencing determination. Cf. *People v Haugh*, 435 Mich 876, 876, 876-877; 458 NW2d 897 (1990) (trial court based sentence on inaccurate information). The record supports that the trial court instead relied, to a certain extent, on the other, minor, uncontested incidents relating to a "lack of respect for authority figures."[4] Moreover, defendant's resentencing memorandum thoroughly discussed defendant's positive behavior and rehabilitation efforts while incarcerated, and it provided and discussed the additional work-assignment praises that defendant received. The resentencing memorandum also provided an in-depth discussion of defendant's childhood both before and after his parents' separation, and it attempted to shed a positive light on defendant. With regard to the "collateral cases," the trial court stated that it obtained the information from its own court files, and defendant does not even argue that any of the information was inaccurate or inappropriate. Under all the circumstances, we conclude that defendant has not demonstrated that the plain error affected his substantial rights and affected the fairness, integrity, or public reputation of judicial proceedings. According, resentencing is not required.

Defendant next argues that the trial court erred in denying his motion to adjourn so that he could obtain the assistance of a mitigation specialist.

As noted, a trial court's decision to grant or deny a motion for adjournment is reviewed for an abuse of discretion. *Jackson*, 467 Mich at 276.

---

[4] In addition, we note that defendant stated in his resentencing memorandum that he "has never received a ticket for the more serious variety of infractions involving violence." Moreover, the prosecution, in response to the motion to adjourn resentencing, stated, "Other than a few minor violations, the defendant has not been a problem while incarcerated and has taken steps to better himself. The People do not intend on introducing any evidence to contradict these assertions."

-5-

In *People v Coy*, 258 Mich App 1, 18-19; 669 NW2d 831 (2003), this Court summarized the criteria for invoking the trial court's discretion to grant a motion to adjourn, stating:

> [T]o invoke the trial court's discretion to grant a continuance or adjournment, a defendant must show both good cause and diligence. Good cause factors include whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments. Even with good cause and due diligence, the trial court's denial of a request for an adjournment or continuance is not grounds for reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion. [Quotation marks and citations omitted.]

Defendant filed the motion to adjourn, in part, so that he could have the assistance of a mitigation specialist, who allegedly would "help explain facts and circumstances particular to [defendant] that led to his involvement in the crime, and how [defendant's] age, environment, medical history and other factors bear on his degree of culpability in committing the offense." In denying defendant's motion to adjourn, the trial court stated that a mitigation investigation by a mitigation specialist was "unlikely to assist the [trial court] beyond what has already been provided in Defendant's Resentencing Memorandum."

Even assuming that defendant demonstrated good cause and diligence, we conclude that defendant has not demonstrated prejudice, and thus, reversal is not required. *Id*.

As has been discussed, defense counsel provided the trial court with a thorough and in-depth resentencing memorandum. As the trial court noted:

> That Resentencing Memorandum provides a detailed explanation of the familial and societal challenges that [defendant] faced in his youth. It also provides insight into why he claims he first became involved with gang activity and the circumstances leading to the fatal shooting for which he is being resentenced. The Resentencing Memorandum also provides in great detail [defendant's] academic achievements and other efforts towards self-improvement since he has been incarcerated. Finally, the Resentencing Memorandum includes nine letters from various family members, friends, and other acquaintances explaining the growth and development that they have seen in [defendant] since the date of the homicide.

Defendant argues that a mitigation specialist would have "presented a more robust description" of defendant's maturation and rehabilitation efforts. However, as noted, defendant's resentencing memorandum was 17 pages long and contained several attached exhibits demonstrating defendant's rehabilitation efforts, work-assignment praises, educational achievements, and community support. We conclude that the trial court was apprised of the mitigating factors that it was to consider in determining defendant's new sentence to a term of years, and accordingly, reversal is unwarranted.

Defendant next argues that the trial court failed to follow the prescriptions of *Miller* in resentencing him.

Because defendant did not preserve this issue for appeal, our review is under the plain-error doctrine. *Carines*, 460 Mich at 763-764.

Throughout the *Miller* opinion, the United States Supreme Court repeatedly refers to mandatory sentences of life without parole. See, e.g., *Miller*, 567 US at 489 (discussing the imposition of "the harshest possible penalty for juveniles"). The Supreme Court's opinion does not apply to resentencing a juvenile offender to a term of years. Based on the language used in *Miller*, we conclude that the trial court was not required to specifically consider the factors outlined in *Miller* when resentencing defendant to a term of years. And even assuming, arguendo, that the trial court was required to specifically consider the factors discussed in *Miller*, we conclude that it did so. In resentencing defendant, the trial court stated:

> Based on the totality of materials presented, I reviewed these matters because of the requirement that I consider various factors in this motion:
>
> [Defendant's] age, his immaturity, his impetuosity, his failure to appreciate risks and consequences, his family and home environment, the circumstances of the crime, whether he showed an inability to deal with police officers or prosecutors in any potential incapacity to assist his own attorneys, and the possibility of rehabilitation.

The trial court then went on to discuss defendant's age, physical and mental health issues (or lack thereof), his early life, his life after his parents separated, his high school education, his behavioral issues in school, his employment history, his substance abuse, his juvenile criminal history, his gang membership, his version of how the crime happened (and its finding that the version was not credible), his expression of remorse, the effect the crime had on the victim's family, defendant's new admission of culpability for the crime, a psychological report, and his behavior and conduct while incarcerated. Notably, after discussing all of those factors, the trial court stated, "I mention all of this, because it goes to the factors I'm obliged to consider in the Supreme Court opinion." We conclude that defendant has not demonstrated plain error affecting his substantial rights, and thus, resentencing is not required.

Defendant lastly argues that resentencing should be conducted in front of a different trial court judge. Because we conclude that defendant is not entitled to resentencing, we need not address this issue.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra